IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JEFFERY KIRKPATRICK,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:15-CV-1818-L** |
| | § | |
| **ARM WNY LLC,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

For the reasons that follow, the court *sua sponte* **transfers** this case, pursuant to 28 U.S.C. § 1404(a), to the Fort Worth Division of the Northern District of Texas.

**I.   Factual and Procedural Background**

Plaintiff Jeffery Kirkpatrick ("Plaintiff"), who resides in Fort Worth, Texas, brought this action against Defendants ARM WNY, LLC; Adam March; Anthony Coppola; and Domenico D'Angelo; and Doe[s] 1-5 (collectively, "Defendants") on June 4, 2015, for alleged violations of the Federal Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §§ 1692d and 1692b(3).[1] Jurisdiction in this case is based solely on federal question jurisdiction.

---

[1] Section 1692b(3) provides that a "debt collector communicating with any person other than the consumer for the purposes of acquiring location information about the consumer" must "not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or incomplete location information." 15 U.S.C. § 1692b(3). Section 1692b prohibits a debt collector from engaging in any conduct "the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Such conduct includes but is not limited to causes "a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number. 15 U.S.C. § 1692d(5).

**Memorandum Opinion and Order – Page 1**

Plaintiff alleges that Defendants are third party debt collectors. According to Plaintiff, Defendants called his new cellular phone on May 22, 2015, and asked to speak with a person that Plaintiff does not know. Plaintiff explained that Defendants had called the wrong number. A few days later, Defendant called again, and Plaintiff explained that he had recently obtained the new telephone number that Defendants were calling, and the person Defendants were looking for could no longer be reached at the number dialed. Plaintiff alleges that Defendants, nevertheless, called his new cellular phone number again five more times between May 28 and July 29, 2014, asking for the same person. Plaintiff asserts that, in an effort to stop what he perceived as harassment by Defendants, he retained counsel and has incurred $1,655 attorney's fees to date. Plaintiff seeks to recover statutory damages in the amount of $1,000, attorney's fees, and costs incurred in responding to Defendants' allegedly unlawful collection efforts.

## II.     Standard for a Section 1404(a) Transfer

The court may transfer a case, "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." *Id*. § 1404(a). The court may raise venue and *sua sponte* transfer a case pursuant to 28 U.S.C. § 1406(a), *see Mills v. Beech Aircraft Corporporation*, 886 F.2d 758, 761 (5th Cir. 1989), and has "broad discretion in deciding whether to order a transfer." *In re Volkswagen of Am., Inc*., 545 F.3d 304, 311 (5th Cir. 2008) (en banc). In applying section 1404(a), a district court is to first determine "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (citing *In re Horseshoe Entm't*, 337 F.3d 429, 432 (5th Cir. 2003)). Once this initial determination is made, a district court:

> turn[s] to the language of § 1404(a), which speaks to the issue of "the convenience of parties and witnesses" and to the issue of "in the

**Memorandum Opinion and Order – Page 2**

> interest of justice." The determination of "convenience" turns on a number of private and public interest factors, none of which [is] given dispositive weight. The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.

*In re Volkswagen AG*, 371 F.3d at 203 (citations omitted). In a section 1404(a) analysis, a plaintiff's choice of forum "should be respected" unless "the transferee venue is clearly more convenient." *Volkswagen*, 545 F.3d at 315. A "[p]laintiff's choice of forum is clearly a factor to be considered but in and of itself is neither conclusive nor determinative."[2] *In re Horseshoe Entm't*, 337 F.3d at 434.

The FDCPA contains a venue provision applicable to suits brought by debt collectors against consumers but contains no specific venue provisions for suits brought by consumers against debt collectors. Venue in this case is therefore determined by the general venue statue. 28 U.S.C. § 1391. Section 1391(b) states:

> A civil action may brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

---

[2] In the final analysis, this factor had no impact on the court's determination whether to transfer the action to the Fort Worth Division.

**Memorandum Opinion and Order – Page 3**

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)-(3).

### III.  Analysis

Plaintiff alleges that he resides in Fort Worth and that the events giving rise to this lawsuit occurred in the Northern District of Texas, where he resides or resided at the time of the events in question.[3] Pl.'s First Am. Compl. 1. The Northern District of Texas encompasses the Forth Worth and Dallas Divisions, as well as five other divisions. *See* 28 U.S.C. § 124(a)(1)-(7). Thus, based on Plaintiff's pleadings, venue is appropriate in any division in the Northern District of Texas; however, because Plaintiff does not allege that any events giving rise to this lawsuit occurred in the Dallas Division, the court considers whether an intradistrict transfer from the Dallas Division to the Fort Worth Division, Plaintiff's place of residence and the place where the events giving rise to this action allegedly occurred, is appropriate.[4]

As noted, even if venue is proper in the Dallas Division under Section 1391(b)(1), the Fort Worth Division is a forum in which the action might have been brought under Section 1391(b)(2). Accordingly, this action is eligible to be transferred to the Fort Worth Division pursuant to section 1404(a), at the court's discretion, if, after considering "all relevant factors," the court determines that

---

[3] Plaintiff also alleges for purposes of venue that "Defendants are residents within this District." Pl.'s First Am. Compl. 1. The only address provided in Plaintiff's pleadings for any of the Defendants, however, is located in Amherst, N.Y. Likewise, the original and amended summons prepared by Plaintiff for service on Defendants all contain New York addresses, and Plaintiff has not alleged any facts to support his allegation that Defendants reside in the Northern District of Texas for purposes of venue. Accordingly, for purposes of its analysis, the court considers only Plaintiff's allegation that the events giving rise to this action took place in Forth Worth, the location where he resides or resided at the time.

[4] The Dallas Division consists of the counties of Dallas, Ellis, Hunt, Johnson, Kaufman, Navarro, and Rockwall. The Fort Worth Division consists of the counties of Comanche, Erath, Hood, Jack, Palo Pinto, Parker, Tarrant, and Wise. 28 U.S.C. § 124(a)(1), (2).

**Memorandum Opinion and Order – Page 4**

"on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to [the] different forum." *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (internal quotation marks omitted).

On balance, most of the section 1404(a) factors are neutral as between the Dallas and Fort Worth Divisions, but none of the factors favor maintaining this newly filed case in the Dallas Division. Plaintiff has not alleged any facts suggesting that any of the events, much less a substantial part of such events, giving rise to his FDCPA claim against Defendants occurred in the Dallas Division. Plaintiff instead alleges that the conduct giving rise to this action occurred in Fort Worth, where he resides or resided at the time. As a result, the court concludes that the Fort Worth Division would be more, not less, convenient for him. *See Rimkus Consulting Grp., Inc. v. Balentine*, 693 F. Supp. 2d 681, 690-91 (S.D. Tex. 2010) ("Although a plaintiffs initial choice of forum is entitled to deference, the degree of deference is higher when he has chosen his home forum. Conversely, when a plaintiff is not a resident of the chosen forum, or when the operative facts underlying the case did not occur in the chosen forum, a court gives less deference to a plaintiff's choice.") (citations omitted).

Moreover, if the events giving rise to this action occurred in Forth Worth, the local interest in having localized interests decided at home—as well as, to a lesser extent, the factors addressing the relative ease of access to sources of proof and the cost of willing witnesses' attendance— favor transfer to the Fort Worth Division. *See Volkswagen*, 545 F.3d at 315. Accordingly, the court concludes that the Fort Worth Division is a clearly more convenient venue for this matter, and this case should be transferred, in the interest of justice, to the Fort Worth Division of the Northern District of Texas pursuant to 28 U.S.C. § 1404(a). In making this determination, the court further

concludes that such a transfer will not inconvenience or legally prejudice either Plaintiff or Defendants.

**IV.    Conclusion**

For the reasons stated, the court *sua sponte* **transfers** this case, pursuant to 28 U.S.C. § 1404(a), to the Fort Worth Division of the Northern District of Texas. The clerk of the court **shall** effect the transfer in accordance with the usual procedure.

**It is so ordered** this 5th day of June, 2015.

_____
Sam A. Lindsay
United States District Judge